# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-411V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MARCUS SMITH, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed:  August 28, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Danielle A. Strait*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.

*Ryan P. Miller*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 18, 2019, Marcus Smith filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from Interstitial Lung Disease ("ILD") as a result of his June 12, 2017 receipt of the tetanus toxoid, reduced diphtheria toxoid and acellular pertussis vaccine. Petition (ECF No. 1). The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Dec. 15, 2023 (ECF No. 74).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 14, 2024 (ECF No. 78) ("Mot."). This is Petitioner's sole such request. Petitioner seeks an award of $185,659.68 in fees and costs ($118,076.40 in fees, plus $67,583.28 in costs) for the

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

work of the attorneys and paralegals at the law firm of Maglio Christopher & Toale ("MCT"). Mot. at 1–2. Respondent reacted to the fees request on June 17, 2024. Response, dated June 17, 2024 (ECF No. 79) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner also filed a reply further supporting his request. *See* Reply, dated June 17, 2024 (ECF No. 80).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$185,659.68**.

I.   **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|---|
| **Altom Maglio (Attorney)** | $362.00 | $381.00 | -- | -- | -- | -- | -- | -- |
| **Danielle Strait (Attorney)** | -- | $322.00 | $340.00 | $370.00 | $395.00 | $415.00 | $450.00 | $480.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Diana Stadelnikas** (Attorney) | -- | -- | -- | -- | $470.00 | -- | $525.00 | -- |
| **Jessi Huff** (Attorney) | -- | -- | -- | -- | -- | $395.00 | $425.00 | -- |
| **LeeAnne Pedrick** (Attorney) | -- | -- | -- | $179.00 | -- | -- | -- | -- |

ECF No. 78-2 at 42–43.

Ms. Strait and the other MCT attorneys participating in this case practice in Washington, D.C.—a jurisdiction that is, by definition, "in forum."[3] Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129, at *2 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[4] *Elliott v. Sec'y of Health & Hum. Servs.*, No. 21-512V, 2024 WL 2272271 (Fed. Cl. Spec. Mstr. Apr. 19, 2024). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates.[5]

## II.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $67,583.28 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, costs associated with travel related to trial preparation, and costs associated with the work of two experts, M. Eric Gershwin, M.D. and Jordan D. Fein, M.D. ECF No. 78-3 at 1–3. Dr. Gershwin prepared two expert reports (ECF Nos. 32-2, 58-2), billing

---

[3] Although not all attorneys performing work on the matter have their primary office here, I have routinely awarded MCT lawyers practicing in Florida a forum rate, and Seattle (where Ms. Strait works) would qualify as well.

[4] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 31, 2024).

[5] The rates for the 13 paralegals who worked on this matter are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule. ECF No. 78-2 at 42–43.

$32,925.00 in total for 65.85 hours at a rate of $500.00 per hour, with a retainer fee of $3,000.00. ECF No. 78-3 at 1–3, 62, 82, 85, 99, 102, 121. This rate is consistent with what Dr. Gershwin has routinely been awarded for his work in the Program. *See Prepejchal v. Sec'y of Health & Hum. Servs.*, No. 15-1302V, 2019 WL 2296774, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2019); *Gambrill v. Sec'y of Health & Hum. Servs.*, No. 17-105V, 2018 WL 6787629, at *7 (Fed. Cl. Spec. Mstr. Nov. 29, 2018). Dr. Fein authored two expert reports (ECF Nos. 47-1, 57-2), billing $23,625.00 in total for 477.25 hours at a rate of $500.00 per hour. ECF No. 78-3 at 96, 115. I find the hours expended for Dr. Fein's work generally reasonable, and therefore, these costs will also be compensated in full. All other requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$185,659.68**, reflecting $118,076.40 in attorney's fees and $67,583.28 in costs in the form of a check made jointly payable to Petitioner and Petitioner's attorneys. Petitioner requests that payment be forwarded to Maglio Christopher & Toale, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.